## Case No. 14,979.

### UNITED STATES v. DOLLAR SAV. BANK.

[4 Chi. Leg. News. 341; 29 Leg. Int. 238; 15 Int. Rev. Rec. 193; 3 Pittsb. Rep. 408; 19 Pittsb. Leg. J. 181.]

Circuit Court, W. D. Pennsylvania. 1872.[2]

INTERNAL REVENUE—BANKS—SURPLUS EARNINGS.

1. The undistributed surplus earnings of savings banks, added during the year to their contingent funds, are subject to taxation under the 9th section of the act of congress of July 13, 1866 [14 Stat. 138].

2. That such a fund is held as an authorized security for depositors does not affect its liability to taxation under the act; that question depends upon the fact that it is the accumulation of surplus earnings, and not upon the purpose for which these earnings are withheld from periodical distribution.

[This was an action of debt, brought to recover taxes alleged to be due.]

H. B. Swoope, U. S. Dist. Atty.
R. Robb, for defendant.

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
2 [Affirmed in 19 Wall. (86 U. S.) 227.]

McKENNAN, Circuit Judge. The special verdict returned by the jury in this case finds that the defendant "is a banking institution, chartered by the laws of Pennsylvania, without stockholders or capital stock, and doing the business of receiving deposits to be loaned or invested for the sole benefit of its depositors;" and it presents the question, whether the undistributed earnings of such an institution, which were placed semi-annually to the credit of a fund to be retained under its charter for the security of its depositors, is subject to taxation.

The solution of this question is furnished by the 9th section of the act of congress of July 13, 1866 (14 Stat. 138), by which the 120th section of the act of June 30, 1864, is repealed, and it is enacted "that there shall be levied and collected a tax of five per centum on all dividends in scrip or money thereafter declared due, wherever and whenever the same shall be payable to stockholders, policy holders, or depositors or parties whatsoever, including non-residents, whether citizens or aliens, as part of the earnings, income or gains of any bank, trust company, savings institution, and of any fire, marine, life, inland insurance company, either stock or mutual, under whatever name or style known or called, in the United States or territories, whether specially incorporated or existing under general laws, and on all undistributed sums, or sums made or added during the year to their surplus or contingent funds."

It needs no argument to prove that the corporation defendant falls within the description of the institutions upon which a tax is imposed by this section. Although it is found to be a banking institution, yet it is perhaps more accurately described in the verdict by its functions as a savings institution, as its corporate name indicates. To whichever of these classes it may be assigned, it is clearly embraced in the category of taxable subjects. Upon such institutions a two-fold tax is imposed—First, upon dividends declared and payable to stockholders or depositors out of their earnings, and, second, upon their earnings in excess of the divided profits, whether held as an undistributed sum or added to their surplus or contingent funds. By a proviso to this sub-section, however, it is declared that "the annual or semiannual interest allowed or paid to the depositors in savings banks or savings institutions" shall not be considered as dividends. This leaves the undistributed sums made or added during the year to the contingent funds of these institutions liable to the tax, and, even if the meaning of the preceding part of the sub-section was at all doubtful, clearly indicates the intention of congress to subject to taxation all the annual earnings of such institutions, except that portion of them which is allowed to depositors as interest on their deposits.

Having a contingent fund, made up of surplus undistributed earnings, the defendant, by the express terms of the act, is liable to the tax of five per cent. imposed by it upon the semi-annual increment of this fund. Nor does it affect the question, that this fund is held as an authorized security for depositors; the act makes its liability to taxation to depend upon the fact that it is the accumulation of surplus earnings, and not upon the purpose for which these earnings are withheld from periodical distribution. It is not denied that this is the effect of the part of the section above quoted, taken by itself; but it is contended that it must be considered in connection with another part of the section (14 Stat. 136), amending the 110th section of the act of 1866, and that by the proviso thereto the fund in question is exempted from the tax claimed. That proviso is as follows: "Provided, that this section shall not apply to associations which are taxed under and by virtue of the act 'to provide a national currency secured by a pledge of United States bonds, and to provide for the circulation and redemption thereof'; and the deposits in associations or companies known as provident institutions, savings banks, savings funds, or savings institutions, having no capital stock and doing no other business than receiving deposits to be loaned or invested for the sole benefit of the parties making such deposits, without profit or compensation to the association or company shall be exempt from tax on so much of their deposits as they have invested in securities of the United States, and on all deposits less than five hundred dollars made in the name of any one person; and the returns required to be made by such provident institutions and savings banks, after July, 1866, shall be made on the first Monday of January and July of each year, in such form and manner as may be prescribed by the commissioner of internal revenue." In the body of this sub-section a monthly tax of one twenty-fourth of one per cent., equal to one-half per cent. per annum is imposed upon the average amounts of deposits subject to draft, "with any person, bank, association, company or corporation engaged in the business of banking;" and it is plain that to this tax alone do the terms of the proviso apply; while by the general terms of the enactment all persons engaged in banking are subjected to this tax upon deposits, the proviso exempts from it so much of the deposits, with a special class of institutions, as may be invested in government securities, or as do not exceed five hundred dollars, in the name of any one person; no doubt on account of the beneficial character of such investment, and as a concession to depositors of limited means.

Now the tax in controversy is imposed upon earnings, and, in the case of savings institutions, only upon so much of them as may remain after deducting allowances to depositors as interest upon their deposits. Recognizing again the meritorious objects and oper-

ation of such institutions, the act establishes a provident adjustment of the tax, by which the stipulated gains of the depositors are not abridged. But because the same considerate liberality induced a partial exemption of deposits from taxation, it does not follow that the proviso which secures it, is to be extended beyond the subject to which it is appropriated, or the context which it expressly qualifies. By no latitude of implication can this be done, where both the subject and the rate of taxation to which it is sought to apply the proviso are different from those to which it expressly relates. In the one case the tax is imposed upon surplus earnings, and at the rate of five per cent.; in the other upon deposits, and at the rate of one-half of one per cent. Now the proviso exempts from the latter tax deposits with institutions named, which are invested in certain securities, and are of limited amount in the names of single individuals. It refers exclusively to this tax, and restricts its imposition as stated, and it has no necessary relation to any other tax imposed by the act. It cannot, therefore, by implication, be made more comprehensive than its terms import, or be extended beyond the scope, within which both its reason and its subject confine it.

But it is urged that, as "provident institutions,"—to which it is alleged the corporation defendant belongs—are named in the proviso and not in the sub-section imposing the tax upon earnings, they are excluded from the imposition of this tax. Whether a distinct class of institutions is thus described, or whether they are generally the same, as the others named in the proviso, is altogether immaterial. If they are not banks or savings institutions, their earnings are not taxable. But, as before mentioned, the defendant here is properly found to be a savings institution, and, as such expressly designated by the act, its surplus earnings are subject to taxation. The United States is, therefore, entitled to judgment for the amount of tax in arrear.

Upon this sum interest is claimed, but I do not think it is allowable. Although it does not appear in the verdict, it has been orally agreed by the counsel, that the defendant was not reprehensibly in default, but that its refusal to pay the tax claimed was induced by the inconsistent action and the conflicting opinions of the internal revenue department as to its liability, and its reasonable desire, therefore, to have this judicially determined. Under such circumstances interest ought not to be exacted. But besides this, a specific penalty is imposed for default in the payment of the tax, which is, therefore, the exclusive measure of accountability, beyond the amount of the tax itself. For this a separate action is pending, and the liability of the defendant must be limited to the amount of tax in arrear. It is, therefore, ordered that judgment be entered on the verdict for the plaintiff for the sum of $5,356.

[On error this judgment was affirmed by the supreme court. 19 Wall. (86 U. S.) 227.]